UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Demarco Wright,                                 Case No. 3:21-cv-1498

            Plaintiff,

v.                                         MEMORANDUM OPINION
                                                AND ORDER

Sean Bowerman, *et al.*,

            Defendants.

## I. INTRODUCTION

On August 2, 2021, *pro se* Plaintiff Demarco Wright filed suit against Sean Bowerman, Captain Jones, Christian Aumiller, C.O. Snowburger, and five John Doe Defendants, alleging violations of his federal constitutional rights and asserting claims pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Jones and the State of Ohio, as an Interested Party on behalf of Bowerman and the John Doe Defendants, have filed a motion to dismiss Wright's claims against them. (Doc. No. 10). Wright has not filed a brief in opposition and the deadline to do so has passed. For the reasons stated below, I grant the motion to dismiss.

## II. BACKGROUND

Wright alleges that, on July 8, 2019, he was returning to his cell at the Toledo Correctional Institution in Toledo, Ohio, from a visit to the medical unit when he told Aumiller and Snowburger that he was suicidal and would harm himself if he was placed back into his cell. (Doc. No. 1 at 4). When Aumiller and Snowburger continued to try to return Wright to his cell, Wright yelled to the

nurse that he would kill himself. He alleges that, after the nurse told the officers to place Wright on a suicide watch, Snowburger left to contact the shift captain while Aumiller watched Wright.

According to Wright, Aumiller then took a razor out of his pocket and tossed it to Wright, saying "no one goes on watch for free." (*Id.*). Aumiller then allegedly yelled at Wright to stop cutting himself and sprayed Wright with mace before taking the razor away. Wright asserts he had trouble breathing and suffered significant pain, as well as nightmares and panic attacks, as a result of Aumiller's actions. (*Id.* at 5). He seeks compensatory and punitive damages. (*Id.* at 6).

### III. DISCUSSION

#### A. MOTION TO DISMISS

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Jones and the State of Ohio argue Wright's claims against Jones and the John Doe Defendants should be dismissed because Wright fails to allege any facts which suggest those Defendants engaged in wrongdoing. (Doc. No. 10 at 4). The State of Ohio further argues that Wright's claims against Bowerman must be dismissed because he is deceased. (*Id.* at 7).

Because he failed to respond to Defendants' arguments despite having been served with copies of the motion in a manner consistent with the Federal Rules of Civil Procedure, I deem Wright to have waived opposition to the motion. *See, e.g., Hitchcock v. Cumberland Univ. 403(b) DC*

2

*Plan*, 851 F.3d 552, 566 (6th Cir. 2017) (citing *Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328 (6th Cir. 2008)); *Scott v. Tennessee*, 878 F.2d 382, at *2 (6th Cir. 1989) (unpublished table decision).

While *pro se* pleadings must be "liberally construed" and "held to less stringent standards than the formal pleadings prepared by attorneys," *Bridge v. Ocwen Federal Bank FSB*, 681 F.3d 355, 358 (6th Cir. 2012), Wright fails to allege sufficient facts to state a plausible claim for relief against Bowerman, Jones, and the John Doe Defendants.

First, Wright's claims against Bowerman must be dismissed. Defendants submitted notice of Bowerman's death on January 17, 2022. Wright did not make a motion to substitute a proper party within 90 days after service of the notice of Bowerman's death, Fed. R. Civ. P. 25(a)(1), and therefore Wright's individual-capacity claims against Bowerman must be dismissed.

Moreover, even if Wright intended to name Bowerman as a defendant in his official capacity as the Warden of ToCI, those claims also must be dismissed. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Wright cannot proceed with an official-capacity claim against Bowerman.

Finally, Wright fails to state a plausible claim for relief against Jones or the John Doe Defendants. A state official may be held liable under § 1983 if "'the official, acting under color of state law, caused the deprivation of a federal right.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Wright has not offered any factual allegations concerning what actions Jones or the John Doe Defendants took during the incident in question, much less alleged that their actions violated his federal rights. Therefore, Wright's claims against these Defendants also must be dismissed.

### B. SERVICE OF THE COMPLAINT

Rule 4 provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The 90-day deadline for completing service on Aumiller and Snowburger has expired. Service was unsuccessfully attempted on Aumiller and Snowburger on December 15, 2021. (Doc. No. 7). The docket does not reflect Wright has made any further attempts at serving those two Defendants.

Therefore, I hereby order Wright to complete service on Aumiller and Snowburger, or to show good cause why additional time is necessary, within 30 days of the date of this Memorandum Opinion and Order. If Wright fails to do so, his claims against those Defendants will be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m).

### IV. CONCLUSION

For the reasons stated above, I grant the motion of Jones and the State of Ohio to dismiss Wright's claims against Jones, Bowerman, and the John Doe Defendants. Further, I order Wright to complete service of process on Defendants Aumiller and Snowburger within 30 days. If he does not do so, his claims against Aumiller and Snowburger will be dismissed without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge